UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2013 JAN -9 AM 11: 42

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| WILLIAM MILLS, as Personal Representative of the Estate of Larry Mills, | ) ) ) |
| Plaintiff, | ) Case No. ) ) |
| v. | ) JURY TRIAL DEMANDED ) |
| HAUSMANN-MCNALLY, S.C. | ) 1:13-cv-0044 SEB -DKL ) ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, William Mills as the Personal Representative of the Estate of Larry Mills, by counsel, and brings this Complaint for damages against Defendant Hausmann-McNally, S.C. (the "Hausmann Firm"). In support, Mr. Mills states the following:

### JURISDICTION

1. The United States District for the Southern District of Indiana has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). The parties are citizens of different states and the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs.

2. Plaintiff William Mills was duly appointed the Personal Representative of the Estate of Larry Mills by the Circuit Court of Lawrence County, Indiana. The decedent, Larry Mills died on February 21, 2012. At the time of his death, Larry Mills was domiciled in Lawrence County, Indiana. Pursuant to

28 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent shall be deemed to be a citizen of the same State as the decedent. Therefore, Plaintiff William Mills is considered a citizen of the State of Indiana for purposes of diversity jurisdiction.

3. Hausmann-McNally, S.C. is a law firm incorporated under the laws of the State of Wisconsin, and its principal office is located in Milwaukee, Wisconsin.

## VENUE

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims described in this Complaint occurred within this judicial district.

## FACTUAL BACKGROUND

A. **Larry Mills was injured when his motorcycle was struck by another vehicle driven by an employee of a political subdivision of the State of Indiana, who was acting within the course and scope of her employment.**

5. On October 10, 2008, Larry Mills was riding his motorcycle in Lawrence County, Indiana. He was travelling East on Patton Valley Road and arrived at the intersection where Patton Valley Road meets Indiana State Road 37 (which runs North-South).

6. There was a traffic signal at the intersection. Larry had stopped and was waiting for the light to turn green. After the light turned green, Larry proceeded straight through the intersection. As he reached the middle of the

intersection he was struck by a vehicle driven by Hannah Nelson, who was turning left and failed to both yield the right of way and maintain a proper lookout.[1]

7. At the time of impact, Ms. Nelson was acting within the course and scope of her employment with Hoosier Uplands Economic Development Corporation. Ms. Nelson had been dispatched from Hoosier Uplands' Mitchell, Indiana office to obtain a blood draw from a patient in Oolitic, Indiana. After obtaining the blood draw, Ms. Nelson was on the way to Bedford Hospital so that she could deliver the blood sample to the laboratory.

8. On her way to the Bedford Hospital, Ms. Nelson was travelling West out of Oolitic, Indiana. She was planning to make a left turn on Indiana State Road 37. She pulled into the intersection in anticipation of making the left turn; as she was completing the turn, her vehicle struck Larry and his motorcycle.

9. The impact threw Larry from his bike causing him significant injuries, which included a traumatic brain injury, broken femur, and the loss of several toes.

10. Ms. Nelson's employer, Hoosier Uplands, is a Community Action Agency, which is considered a "political subdivision" of the State of Indiana for purposes of the Indiana Tort Claims Act. *See* Ind. Code §§ 12-14-23-2, 34-13-3-22(a)(1).

11. As a political subdivision of the State of Indiana, Hoosier Uplands is entitled to the notice protections provided by the ITCA. *Id.* at 34-13-3-8(a). As a condition precedent to bringing a tort action against a political subdivision, the injured person is required to provide written notice outlining the details of the

---

[1] At the time of the collision, Hannah Nelson went by the name "Hannah Brooking."

accident and the injuries suffered within 180 days of the injury. *Id.* If this written notice is not provided before the statutory 180-day period expires, then the injured person is forever barred from bringing any action against the political subdivision. *Id.*

**B. Larry Mills retained the Hausmann Firm to represent him in seeking recovery for the injuries he suffered.**

12. Shortly after being injured, Larry retained the Hausmann Firm to represent him in an action to recover for the injuries he suffered on October 10, 2008. Specifically, Larry retained Rodney A. Tucker, Esq. Mr. Tucker is an attorney licensed to practice law within the State of Indiana, and is employed by the Hausmann Firm. At all times relevant to the allegations contained in this Complaint, Mr. Tucker was acting within the course and scope of his employment with the Hausmann Firm.

13. After being retained, the Hausmann Firm did not perform the due diligence necessary to determine that Ms. Nelson was employed by Hoosier Uplands. Furthermore, the Hausmann Firm did not perform the due diligence necessary to determine that Hoosier Uplands was a political subdivision of the State of Indiana, which required statutory notice pursuant to the ITCA.

14. As such, the Hausmann Firm failed to provide Hoosier Uplands with the required notice under the ITCA before the expiration of the 180 day period proscribed in I.C. § 34-13-3-8(a)(2).

15. Due to the Hausmann Firm's failure to provide Hoosier Uplands with the required notice under the ITCA, Larry was forever barred from bringing an action against Hoosier Uplands for the injuries he suffered.

C. **Six months after the ITCA notice period expired, Price Waicukauski & Riley, LLC ("PWR") was retained to prosecute a products liability and negligent design case on behalf of Larry Mills.**

16. In February 2009, the Hausmann Firm attempted to negotiate a settlement with Ms. Nelson's personal automobile insurer. The limits of her personal automobile policy of insurance was $50,000.00.

17. In light of the fact that Larry had incurred medical bills nearing $500,000.00, the Hausmann Firm contacted PWR and asked PWR to represent Larry in potential claims against both the manufacturer of the helmet Larry was wearing at the time of the accident and the Indiana Department of Transportation for the negligent design of the intersection where Larry was struck.

18. PWR was retained on October 19, 2009 – more than six months after the 180 day notice period under the ITCA expired.

19. As part of this referral, the Hausmann Firm requested that it remain as co-counsel for Larry Mills during the pendency of the products liability/negligent design action. The products liability/negligent design action was filed on April 21, 2010, and remains pending in the Superior Court of Marion County, Indiana.

D. **PWR discovers the Hausmann Firm's malpractice and provides it notice.**

20. On September 18, 2012, as part of the products liability/negligent design lawsuit, Ms. Nelson's deposition was taken. During her deposition, Ms.

Nelson testified that she was acting within the course and scope of her employment with Hoosier Uplands at the time her vehicle struck Larry Mills.

21.  Shortly after Ms. Nelson's deposition concluded, a PWR attorney called Mr. Tucker and informed him that Ms. Nelson was acting within the course and scope of her employment with Hoosier Uplands at the time her vehicle struck Larry Mills.

22.  In response to this information, Mr. Tucker stated, "your case just got easier. You have a client to call, and you need to sue us for malpractice."

23.  The Hausmann Firm continued to represent Larry (and later his estate) until it filed a motion to withdraw its appearance on October 6, 2012. The Superior Court of Marion County granted the Hausmann Firm's motion to withdraw from the case on October 16, 2012.

E. **The Hausmann Firm has refused to take responsibility for its malpractice.**

24.  After both Ms. Nelson's deposition and the phone conference with Mr. Tucker, PWR made a demand on the Hausmann Firm for its malpractice in the handling of Larry Mills' case.

25.  In response, the Hausmann Firm retained an Indianapolis attorney to review the demand. On December 4, 2012, the Hausmann Firm's counsel rejected the demand stating:

> It is … also my belief that there were a multitude of theories that would have allowed your firm [PWR], as well, to have instituted a lawsuit against the governmental entity who employed Hannah [Nelson]. Just as the [Hausmann Firm] could be held accountable for your pursuit of other defendants, it is my belief that

> [PWR] also is to be held accountable for any other alleged failures that might have occurred after you undertook responsibilities to represent the Mills family.

This letter did not provide any facts or reasoning to support the conclusion that PWR could be held responsible for the Hausmann Firm's malpractice which occurred more than six months before PWR had been retained.

26. In response to the Hausmann Firm's counsel's letter of December 4, 2012, PWR retained former Justice of the Indiana Supreme Court, Theodore Boehm, to review this matter so that the client's case would be appropriately handled.

27. On December 18, 2012, former Justice Boehm stated his opinion that PWR could in no way be held responsible for the Hausmann Firm's malpractice:

> [I]t is my opinion that PWR has no liability for Mills's loss of a potential claim against [Hoosier Uplands]. Legal malpractice, like most torts, requires that the alleged act or omission contribute to the plaintiff's loss. PWR was first engaged to represent Mills in October, 2009. The [period for giving an ITCA notice to [Hoosier Uplands] had expired over six months before PWR was engaged. Even if PWR had some duty with respect to the claim against [Nelson] or to investigate other potential sources of recovery for Mills, any claim against [Hoosier Uplands] had been extinguished before PWR undertook any representation for Mills. There is therefore ... no causal link between anything PWR did or did not do and the loss of that source of recovery for Mills.

(Opinion letter of former Justice Theodore Boehm, pp. 2-3.)[2]

28. Justice Boehm's letter was forwarded to counsel for the Hausmann Firm on December 20, 2012. In response, the Hausmann Firm's counsel stated that

---

[2] A true and correct copy of Justice Boehm's opinion has been attached to this Complaint as Exhibit A, and is expressly incorporated herein by reference.

7

he "disagreed" with Justice Boehm's conclusions. Again, the Hausmann Firm's counsel provided no facts or reasoning to support his "disagreement."

## COUNT I
(Legal Malpractice against the Hausmann Firm)

29. Plaintiff William Mills expressly incorporates by reference all previous rhetorical paragraphs of this Complaint as fully as if set forth herein.

30. Larry Mills retained the Hausmann Firm to represent him for the significant injuries he suffered on October 10, 2008.

31. As such, the Hausmann Firm owed Larry Mills a duty to exercise the same degree of knowledge, skill, and judgment ordinarily possessed by other members of the legal profession.

32. By both failing to properly investigate the employment circumstances of Ms. Nelson and failing to provide Hoosier Uplands with the required notice under the ITCA, the Hausmann Firm cut off a significant avenue of recovery for Larry Mills, and failed to perform its duty to Larry Mills in the same manner that a reasonable careful attorney would do under the same or similar circumstances.

33. By failing to provide Hoosier Uplands with a timely notice under the ITCA, the Hausmann Firm's representation, as counsel for Larry Mills, failed to meet the applicable standard of care for a reasonably careful attorney.

34. As a direct and proximate result of the Hausmann Firm's negligence, Larry Mills was injured in that a significant avenue of recovery (i.e., Hoosier Uplands) for the personal injuries he suffered in October 10, 2008, was eliminated.

WHEREFORE, William Mills, as the Personal Representative of the Estate of Larry Mills, respectfully prays that judgment be entered against the Hausmann Firm for damages in an amount to fully compensate the Estate of Larry Mills, prejudgment interest, the costs of this action, and all other just and appropriate relief in the premises.

Respectfully submitted,

PRICE WAICUKAUSKI & RILEY, LLC

_____
William N. Riley (Atty. No. 14941-49)
Joseph N. Williams (Atty. No. 25874-49)
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN  46204
(317) 633-8787
Facsimile:  (317) 633-8797
Email:         wriley@price-law.com
                    jwilliams@price-law.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, by counsel, respectfully demands a trial by jury on all issues of fact and law deemed so triable.

Respectfully submitted,

PRICE WAICUKAUSKI & RILEY, LLC

_____
William N. Riley (Atty. No. 14941-49)
Joseph N. Williams (Atty. No. 25874-49)
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN  46204
(317) 633-8787
Facsimile:  (317) 633-8797
Email:        wriley@price-law.com
                   jwilliams@price-law.com

*Counsel for Plaintiff*